UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES PETTUS, 03R3597,

       Plaintiff,

-v-

BEN OAKES,

       Defendant.

---

JAMES PETTUS, 03R3597,

       Plaintiff,

-v-

BEN OAKES and LESTER WRIGHT

       Defendants.

---



DECISION AND ORDER
09-CV-6263CJS

DECISION AND ORDER
09-CV-6272CJS

This Order vacates the Court's Order dated July 17, 2009 (Docket # 6). Plaintiff *pro se* James Pettus, an inmate of Southport Correctional Facility, filed two actions pursuant to 42 U.S.C. § 1983 in the Northern District of New York. The part of the action naming only defendant Ben Oakes was severed from one action and transferred to the Western District of New York (09-CV-6263). Subsequently, in the second action, the part of the action naming only defendants Ben Oakes and Lester Wright was severed and transferred to the Western District of New York (09-CV-6272). Plaintiff has made motions to proceed

*in forma pauperis*, which, as to these claims, the Northern District of New York left to this Court to determine.

These motions must be reviewed under the terms of 28 U.S.C. § 1915(g) because Mr. Pettus has had three or more actions dismissed on the basis that they were frivolous, malicious or failed to state a claim. *See*, Transfer Orders of the NDNY (Docket # 4); 28 U.S.C. § 1915(g). Thus, Mr. Pettus may only bring actions without full prepayment of the filing fee if the Court determines that he has sufficiently alleged that he is under imminent danger of serious physical injury. *Id.*

In the first action, 09-CV-6263, plaintiff alleges that defendant Oakes,

> with deliberate indifference to plaintiff's (Health)(Well-Being) and (Safety ) and <u>KNEW</u> or <u>SHOULD HAVE KNOWN</u> by plaintiff numerous letters, complaints and grievances that to (<u>Discontinued</u>) plaintiff (<u>pain</u>) medication (<u>controverts</u>) already established law. and <u>KNEW</u> or <u>SHOULD HAVE KNOWN</u> as a (<u>nurse</u>) does not have authority to (discontinue) plaintiff pain medication, after a (Doctor) has prescribed the pain medication. ...
> The pain medication has been discontinued since September 2008 and <u>on-going</u> and <u>current</u> (without) cause's (unbearable) pain, due to the fact, plaintiff suffer's from (chronic) osteo-arthritis in both <u>hips</u> and <u>spine</u>, causing plaintiff health to degenerate to permanent damage, because plaintiff has difficulty walking without pain medication, causing plaintiff (direct) <u>danger</u>, <u>injury</u> and <u>harm</u>.

Compl., at 10

The Second Circuit Court of Appeals instructs that the "unmistakable purpose [of the exception] is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger." *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009). When, ..., a complaint seeks to redress an imminent danger that is fairly traceable to allegedly unlawful conduct complained of in the pleading, the three-strikes

2

litigant has shown that he fits squarely within § 1915(g)'s "escape hatch" and that payment of a filing fee should be excused. *Id.* Plaintiff's allegations indicate the potential for serious harm if the situation he describes is not remedied, and there is no reason here to determine that the condition did not exist at the time the complaint was filed in the Northern District in April, 2009. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) (For a prisoner to qualify for the imminent danger exception, the danger must be present when the complaint is filed). Plaintiff is therefore granted permission to proceed *in forma pauperis* under the imminent danger exception under 28 U.S.C. § 1915(g) with regard to the claims of discontinuance of his pain medication as to defendants Oaks in 09-CV-6263.

However, with regard to the second action, 09-CV-6272, the Court has determined that it is actually an amendment to 09-CV-6263, and the *in forma pauperis* motion is, therefore, moot. In the only claim severed by the Northern District and transferred to this Court, plaintiff makes the same allegation that defendant Oakes discontinued his pain medication, but adds a supervisory liability claim against defendant Wright.[1] Therefore, this claim shall proceed as an amendment to 09-CV-6263, not as a separate action. The operative pleading in this action, to be served upon Oakes and Wright, consists of the complaint and exhibits filed in 09-CV-6263, plus lines numbered 16 through 31 and page 3 of the complaint in 09-CV-6272, along with the exhibits attached to that complaint. The amended complaint does not include the remaining claims in 09-CV-6272, which do not appear to have been transferred to this Court and do not implicate concerns of imminent

---

[1] Plaintiff makes allegations regarding feces and urine having been thrown at him, being exposed to excessive noise, and having been denied various benefits because of frivolous misbehavior reports. These claims do not appear to have been transferred to this Court, and, in any event, they would not implicate an imminent danger of serious harm, such that plaintiff would be allowed to bring them in an action allowed under the exception to 28 U.S.C. § 1915(g).

3

danger of serious injury. In addition, plaintiff's amended complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint as defined above, and this Order upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. The Clerk is also directed to close 09-CV-6272. This Order **vacates** the Court's Order dated July 17, 2009 (Docket # 6).

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the amended complaint.

SO ORDERED.

Dated: July 31, 2009
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge