UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES PETTUS,

           Plaintiff,

      -vs-           DECISION & ORDER

BEN OAKES,               09-CV-6263-CJS

           Defendant.

    Plaintiff has filed two applications (Docket Nos. 12 & 13) seeking a preliminary injunction. In the first, he seeks an order directing Defendant to stop denying him pain medication without authority from a doctor, and to direct the medical staff to reinstate Plaintiff's pain medications "Cultram" and "Mecczine" without crushing the pills. (Docket No. 12 at 3.) Plaintiff alleges that without an injunction, he will "suffer irreparable damage." (*Id*.) He does not, however, specify the damage he alleges he will suffer.

    In the second application, Plaintiff asks the Court to "place protective order/order of protection against C.O. Gilbert, C.O. Pielson, C.O. Shenwenski, C.O. Skulley, C.O. Chermeta, Sgt. Belz, Sgt. Henrick, [and] Sup't Napoli." (Docket No. 13 at 1.) Further, he asks this Court to have the named individuals arrested "for (corporeal punishment), (hate crimes), (systematic starvation) [and] (attempted murder) under Federal law." (*Id.*) In support of the second application, Plaintiff alleges that he was systematically starved and denied water, lights and the use of a toilet[1] for 21 days straight. As a result, he claims that

---

[1]Plaintiff does not explain how he was both denied use of a toilet and was able to drink water from a toilet.

he was forced to drink water from the toilet in order to stay alive and that lost thirty pounds. Additionally, he alleges he had to defecate on the floor "on paper like A DOG [sic]" and that he was forced to inhale "obnoxious and toxic fumes for 21 days straight (5/09/09 to 5/31/09)." (*Id.* at 2.) He further alleges that he was threatened with "BATTERY and ASSAULT [sic] for 21 days straight," causing him fear and shock "while being torture[d]." (*Id.*)

The Court construes Plaintiff's applications as a request for injunctive relief under Federal Rule of Civil Procedure 65. That rule states in pertinent part, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). If the Court were to construe Plaintiff's applications as requests for entry of temporary restraining orders, it would have to find that,

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and … the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) & (B). Further, to grant either a temporary restraining order or a preliminary injunction, plaintiff must make a showing of: (1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997) (citations omitted).

In his applications, Plaintiff requests affirmative relief, not merely a return to the status quo. In that situation, the Second Circuit has written:

> The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id*.… [T]his distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990) (injunction going beyond preservation of status quo requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir.1977). The "clear" or "substantial" showing requirement-the variation in language does not reflect a variation in meaning-thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.

*Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

The Court determines that Plaintiff has not met the threshold requirements for injunctive relief, outlined above, and has not shown how the Court has jurisdiction over the individuals he names who are not parties to his lawsuit. Moreover, since these events occurred over four months ago, Plaintiff has failed to meet the requirements of showing that extreme or very serious damage will result in the absence of an injunction. Moreover, with regard to his claims pertaining to pain medication, it appears from defendant Ben Oakes's opposing papers that plaintiff is unlikely to succeed on the merits, or that there are sufficiently serious questions going to the merits to make them a fair ground for litigation. Instead, it appears that Ben Oakes, a physician's assistant, was acting to prevent abuse of addicting pain medication, while at the same time, attempting to relieve plaintiff's pain symptoms.

Accordingly, Plaintiff's applications (Docket Nos. 12 & 13) seeking a preliminary injunction are denied.

IT IS SO ORDERED.

Dated: October 5, 2009
		Rochester, New York

				ENTER:

						/s/ Charles J. Siragusa
						CHARLES J. SIRAGUSA
						United States District Judge