# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

JAMES PETTUS,

                              Plaintiff,

-vs-                                      DECISION and ORDER
                                                          09-CV-6263-CJS-JWF

BEN OAKES,

                              Defendant.

---

## APPEARANCES

For Plaintiff:                         James Pettus 03-R-3597 *pro se*
                                        Southport Correctional Facility
                                        Box 2000
                                        Pine City, NY 14871-2000

For Defendant:                      Gary M. Levine, A.A.G.
                                        New York State Office of the Attorney General
                                        144 Exchange Boulevard, Suite 200
                                        Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case is before the Court for a determination pursuant to 28 U.S.C. § 1915(g) (1996) as to whether Plaintiff's *in forma pauperis* status should be revoked. For the reasons stated below, the Court revokes Plaintiff's *in forma pauperis* status and provides Plaintiff with thirty days to pay the filing fee or face dismissal of this action.

## BACKGROUND

On April 13, 2009, Plaintiff filed a complaint and a motion for leave to proceed *in forma pauperis* in the United States District Court for the Northern District of New York. On

May 20, 2009, the Honorable Thomas J. McAvoy, Senior U.S. District Judge, issued a Decision and Order in which he noted that James Pettus had filed in excess of forty-eight civil actions in the four Federal District Courts within New York State, found that the claims against Defendant Ben Oakes ("Oakes") should be severed and transferred to the Western District of New York, and made no ruling with regard to Plaintiff's *in forma pauperis* status on the severed and transferred claims against Oakes. On July 20, 2009, this Court granted permission to proceed *in forma pauperis* under the imminent danger exception to 28 U.S.C. § 1915(g) "with regard to the claims of discontinuance of his pain medication as to defendant Oakes in 09-CV-6263." Decision and Order, *Pettus v. Oakes*, No. 09-CV-6263-CJS (W.D.N.Y. Jul. 20, 2009) at 3.

On December 8, 2009, the Court held a video conference and, based on allegations made by Plaintiff, directed defense counsel to have Corrections Officer Craig Skelly's person examined for a tattoo on his upper body depicting, as Plaintiff described it, a black baby with a rope around its neck. Counsel had the inspection done, and filed a declaration (Docket No. 57) indicating that no such tattoo was found, nor was any tattoo of a baby, or of anyone with a rope around his neck or anyone that could be considered to be of African descent found.

In addition to the issue concerning the alleged tattoo, defense counsel brought to the Court's attention the decision by Chief Judge Dearie from the Eastern District of New York, in which he found that Plaintiff had accumulated "three strikes" pursuant to the Prison Litigation Reform Act. In such a case, a prisoner litigant may not proceed without the prepayment of the full filing fee, unless he can successfully demonstrate that he is under imminent danger of serious physical injury. *See* Memorandum & Order, *Pettus v. Mangano*,

No. 09-CV-1454 (RJD) (E.D.N.Y. Apr. 23, 2009) (attached as Exhibit A to Levine Decl. (Docket No. 57)).

On December 16, 2009, Plaintiff filed an amended complaint naming Oakes and eleven other persons as defendants. (Docket No. 14.) He alleges in the amended complaint that without injunctive relief, "Plaintiff faces 'imminent danger' of serious harm and injury, even death itself!!!" (Am. Compl. 8.) He continues to allege that Oakes withdrew pain medication from him. Additionally, he has added claims of deliberate indifference to his serious medical need against a facility nurse and the doctor supervising Oakes, a claim that a white supremacist operated within Southport Correctional Facility, and a claim that he was subject to corporeal punishment and hate crimes. (Am. Compl. 12.) He further alleges that he has been systematically starved and denied water, lights and the use of a toilet for 21 days straight. (Am. Compl. 13.) As a result, he maintains that he was forced to drink water from the toilet in order to stay alive and that lost thirty pounds. Additionally, he alleges he had to defecate on the floor "on paper like A DOG [sic]" and that he was forced to inhale "obnoxious and toxic fumes for 21 days straight (5/09/09 to 5/31/09)." (*Id*. at 2.) He further alleges that he was threatened with "BATTERY and ASSAULT [sic] for 21 days straight," causing him fear and shock "while being torture[d]." (*Id*.)

In a declaration filed by Oakes in support of his pending motion for summary judgment, he states that he is a physician's assistant and that "[a] physician's assistant had the legal right to prescribe and discontinue medications." (Oaks Decl. ¶¶ 1, 3.) He further states that,

> 4. Plaintiff arrived at Southport Correctional Facility on or about August 28, 2008 and I conducted a review of plaintiff's medical records.

> a. I observed that plaintiff has degenerative disc disease of the lumbar spine and bilateral hip osteoarthritis.
>
> b. I saw in the record that plaintiff was prescribed Ultram 100 mg three (3) times a day.
>
> c. I observed in the record that Ultram was previously discontinued because plaintiff was hoarding the medication.
>
> d. At that time I decreased the dose to 50 mg three (3) times a day for seven (7) days and directed that Ultram be discontinued after that date.
>
> e. Ultram is an addictive medicine that cannot be stopped immediately without withdrawal symptoms.
>
> f. At this time I prescribed Motrin for the plaintiff's pain.

(Oakes Decl. ¶ 4.)

## STANDARD OF LAW

The Prison Litigation Reform Act added 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## ANALYSIS

The Court has now considered Plaintiff's claims of imminent danger in his amended complaint and at the video conference and has had the opportunity to scrutinize such claims by making calls to his relatives during the conference and having Correction Officer Skelly's body examined for a tattoo Plaintiff vehemently claimed was on his person. Having done so, the Court is thoroughly convinced that Plaintiff exaggerated his claims in order to fit within the exception to the "three strikes" rule of 28 U.S.C. § 1915(g). In his affidavit opposing the Court's consideration of his *in forma pauperis* status, Plaintiff writes simply, "Plaintiff finds incredible the court NOW is remotely considering to dismiss on three strikes,

when in fact, it is WELL-ESTABLISHED, Plaintiff is under the "three strike rule"." He then asks the Court to direct that he be present to identify Corrections Officer Skelly, and objects that no photographs were produced of the examination. (Docket No. 61.) Having determined that Plaintiff is not in imminent danger, the Court reconsiders its prior *in forma pauleris* determination. *See Tafari v. Kruszka*, No. 01-CV-011E(SC) (W.D.N.Y. May 12, 2004) (court revoked *in forma pauperis* status after it had been granted). The Court finds that Plaintiff is not entitled to *in forma paurperis* status as an exception to the "three strikes" rule.

## CONCLUSION

It is hereby ORDERED that Plaintiff's *in forma pauperis* status is revoked, that Plaintiff shall pay the applicable filing fee within thirty days of the filing of this Decision and Order and that failure to pay such fee will result in a dismissal of this case without further order of the Court.

Dated:     February 4, 2010
           Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge